UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS RAY CASH JR., <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES LLC, <br><br> Defendant. | Case No. 2:23-cv-10803-SB-AS <br><br> ORDER TO SHOW CAUSE RE LACK OF PROSECUTION |

      On December 27, 2023, Plaintiff Artis Ray Cash, Jr. filed a complaint against Defendant Equifax Information Services LLC.  Dkt. No. 1.  After the Court granted Plaintiff's request to proceed in forma pauperis, Plaintiff filed two proofs of service.  Dkt. Nos. 10, 11.  From the face of the proofs of service, it does not appear that service complied with Federal Rule of Civil Procedure 4.

      Rule 4 requires that a defendant be served with a copy of the summons and complaint by "[a]ny person who is at least 18 years old and not a party."  Fed. R. Civ. P. 4(c)(2).  The proofs of service here indicate that Plaintiff personally served Defendant by delivering documents to an address in Los Angeles[1] and mailing a copy of the complaint to Prentice-Hall Corporation Systems, Inc.  However, Rule 4 prohibits personal service by Plaintiff.  Fed. R. Civ. P. 4(c)(2) (noting that a person qualified to serve a summons and complaint must be "at least 18 years old and not a party" to the lawsuit); *see Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (finding that Rule 4's prohibition against service by a party extends to service by certified mail).  Moreover, Plaintiff's proofs of service fail to specify

---

[1] Plaintiff also failed to state which documents he personally delivered to the location.

1

the relationship between Defendant and Prentice-Hall sufficient to establish that service on Prentice-Hall constitutes service on Defendant.  Dkt. Nos. 10, 11.

      Plaintiff is therefore ordered to show cause, in writing, no later than February 16, 2024, why this action should not be dismissed for lack of prosecution.  Plaintiff shall address the service deficiencies identified above and otherwise show that he effected proper service of the summons and complaint.  The Court will consider as an appropriate response to this order to show cause (OSC) the filing, on or before February 16, 2024, of proofs of service that comply with Rule 4, including that service was made by a qualified person on the named Defendant using an authorized method of service.  Failure to timely respond to the OSC will be deemed consent to the dismissal without prejudice of Plaintiff's claims against Defendant.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.

Date: February 2, 2024

                                             Stanley Blumenfeld, Jr.
                                          United States District Judge