**POLSINELLI LLP**
GARRICK VANDERFIN (SBN 316159)
gvanderfin@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: 310.556.1801
Facsimile: 310.556.1802

*Attorney for Defendant*
*Equifax Information Services, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis Ray Cash Jr., <br><br> Plaintiff, <br><br> v. <br><br> Equifax Information Services LLC, <br><br> Defendant. | Case No. 2:23-cv-10803-SB-AS <br><br> **JOINT RULE 26(F) REPORT** <br><br> Complaint Filed: December 27, 2023 <br> Answer: March 15, 2024 <br> Proposed Trial Date: October 21, 2024 <br><br> DATE: April 19, 2024 <br> TIME: 8:30 a.m. <br> JUDGE: Hon. Stanley Blumenfeld, JR. <br> CTRM: 6C |

**Rule 26(f) Conference**

Pursuant to Fed. R. Civ. P. 26(f), the following parties conferred on March 29, 2024 via telephone:

 a. Artis Ray Cash, Jr., Plaintiff; and

 b. Garrick Vanderfin, on behalf of Defendant Equifax Information Services, LLC.

1
JOINT RULE 26(F) REPORT

1. **Subject-Matter Jurisdiction**

This Court has federal question subject-matter jurisdiction over this matter pursuant to the Fair Credit Reporting Act [FCRA] 15 U.S.C. § 1681 *et seq.* This Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 2201. Likewise, Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). The parties agree that federal jurisdiction exists.

2. **Statement of the Case**

*Plaintiff's Position*

Plaintiff filed a complaint on December 27, 2023. Plaintiff seeks money damages and injunctive relief against Defendant for negligent conduct and systemic failure in compliance with the provisions of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), and related laws. Plaintiff generally alleges between January 2022 through September 2023, Equifax failed to properly investigate multiple disputes Plaintiff raised regarding the accuracy of information reported within his credit file. Plaintiff further claims Equifax failed to correct, and continued to report, alleged inaccuracies regarding Plaintiff's credit file following its investigation.

*Defendant's Position*

Plaintiff filed his Complaint on December 27, 2023. Plaintiff asserts allegations against Equifax for violations of the Federal Fair Credit Reporting Act (FCRA) as codified within 15 U.S.C. Section 1681. Plaintiff generally alleges between January 2022 through September 2023, Equifax failed to properly investigate multiple disputes Plaintiff raised regarding the accuracy of information reported within his credit file. Plaintiff further claims Equifax failed to correct, and continued to report, alleged inaccuracies regarding Plaintiff's credit file following its investigation.

Equifax filed its answer to the Complaint on March 15, 2024. Equifax denies Plaintiff's claims in their entirety and further denies that Plaintiff is entitled to any of

the relief he seeks in this lawsuit. Equifax further contends that the Complaint fails to state any claim upon which relief could be granted.

**3.  Damages/Insurance**

*Plaintiff's Position*

a.  *Damages.* Plaintiff demands judgment from Equifax as follows:

1) For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

2) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

3) For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

4) For statutory damages provided and pursuant to 15 U.S.C.§ 1640(a)(2);

5) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

6) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

7) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

b.  *Insurance.* None.

*Defendant's Position*

a. *Damages.*  Equifax denies Plaintiff's claims in their entirety and further denies that Plaintiff is entitled to any of the relief he seeks in this lawsuit.

b. *Insurance.* None.

**4.  Parties, Evidence, etc.**

Plaintiff and Equifax are the only parties named in the instant lawsuit.

A list of potential percipient witnesses include:

- 30(b)(6) for Capital One

- 30(b)(6) for Credit One Bank
- 30(b)(6) for Fingerhut/Webbank
- 30(b)(6) for The Bank of Missouri
- 30(b)(6) for TBOM/Aspire MC
- 30(b)(6) for Skypoint Federal Credit
- 30(b)(6) for Fairwinds Credit UNH EIS/TDML
- 30(b)(6) for Digital Federal CREDH EIS/ML
- 30(b)(6) for Pentagon
- 30(b)(6) for Comenity Bank
- 30(b)(6) for DDC

A list of potential key documents include:

- Communications between Plaintiff and each furnisher identified in the Complaint;
- Communications between Plaintiff and Equifax regarding the alleged disputes;
- Dispute letters Plaintiff sent to each furnisher identified in the Complaint;
- Dispute letters Plaintiff sent to Equifax regarding each alleged dispute.
- Investigation paperwork and method documentation from Equifax;
- Investigation paperwork and method documentation from DDC.
- Records from Equifax

Equifax is a wholly-owned subsidiary of Equifax, Inc., which is a publicly traded company on the NYSE, is the sole parent of Equifax. No other entity owns 10% or more of Equifax's stock.

**5.   Discovery**

a. *Status of Discovery*. Equifax filed its answer to the Complaint on March 15, 2024 and discovery is in its nascent stages.

b. *Discovery Plan*.

The Parties will exchange initial disclosures by April 12, 2024.

The Parties agree that multiple sets of discovery requests may be necessary in the matter, but do not presently believe phased discovery is required. Plaintiff's Complaint identifies numerous furnishers of information on the accounts at issue. Equifax anticipates issuing business record subpoenas for information related to those furnishers and the disputed accounts. Equifax also intends to conduct written discovery to Plaintiff regarding topics such as the alleged violations, damages, and disputed accounts. Equifax will also depose Plaintiff. Additional third-party depositions may be necessary.

**6.     Legal Issues**

*Plaintiff's Position*

Plaintiff asserts allegations against Equifax for violations of the Federal Fair Credit Reporting Act (FCRA) as codified within 15 U.S.C. Section 1681. Plaintiff generally alleges between January 2022 through September 2023, Equifax failed to properly investigate multiple disputes Plaintiff raised regarding the accuracy of information reported within his credit file. Plaintiff further claims Equifax failed to correct, and continued to report, alleged inaccuracies regarding Plaintiff's credit file following its investigation.

Equifax fails to provide evidence that true investigations have taken place for the Plaintiff at all. Due to aggressive matching procedures, Equifax's outsourced agency (DDC) lack of communication means, and Equifax not designed to handle disputes in totality, the claim from Equifax is baseless and lacks proof.

*Defendant's Position*

Plaintiff asserts allegations against Equifax for violations of the Federal Fair Credit Reporting Act (FCRA) as codified within 15 U.S.C. Section 1681. Plaintiff generally alleges between January 2022 through September 2023, Equifax failed to properly investigate multiple disputes Plaintiff raised regarding the accuracy of information reported within his credit file. Plaintiff further claims Equifax failed to correct, and continued to report, alleged inaccuracies regarding Plaintiff's credit file following its investigation.

Equifax filed its answer to the Complaint on March 15, 2024. Equifax denies Plaintiff's claims in their entirety and further denies that Plaintiff is entitled to any of the relief he seeks in this lawsuit. Equifax further contends that the Complaint fails to state any claim upon which relief could be granted.

Plaintiff fails to sufficiently allege how any acts or omissions of Equifax violated any law. Further, Plaintiff only makes generalized and conclusory allegations against Equifax. Plaintiff references contacting Equifax in his Complaint, but fails to allege any facts that support a cognizable cause of action against it. Plaintiff also mentions disputing *negative* information reported on his credit file, but the presence of derogatory or negative information does not itself give rise to a cause of action. Instead, Plaintiff's allegations appear to be that the creditors failed to provide "verification" and "validation" of the negatively-reported account.

While Plaintiff admits Equifax is a consumer reporting agency, he appears to include it in his allegations related to debt collection and claims that it failed to provide "verification" and "validation" of disputed accounts, and incorrectly states or implies that it is a "furnisher" of data.

**7. Motions**

a. *Procedural Motions*.

*Plaintiff's Position*

Plaintiff does not intend to file any motions to add other parties or claims, amended pleadings, or transfer venue.

*Defendant's Position*

Equifax does not intend to file any motions to add other parties or claims, amended pleadings, or transfer venue.

b. *Dispositive Motions*.

*Plaintiff's Position*

Plaintiff does not anticipate filing any motions at this time.

*Defendant's Position*

Equifax anticipates filing a motion for judgment on the pleadings and/or motion for summary judgment. Equifax believes Plaintiff's claims fail under the FCRA and that the Complaint fails to state any claim upon which relief could be granted.

**8.     ADR**

a. The Parties have engaged in early oral settlement discussions but have not been able to reach any agreement.

b. The Parties' preference is for mediation before the court mediation panel (ADR-2).

**9.     Trial**

a. The Parties agree to a proposed trial date of October 21, 2024. The Parties believe this the proposed date is justified based on the extent third-party discovery which will be required in this case. Plaintiff's Complaint makes various claims regarding nine accounts. Plaintiff also makes claims regarding different furnishers on each of those nine accounts. This will require significant third-party discovery and potentially depositions.

b. The Parties estimate 2-3 days for trial. Equifax anticipates it may call 1-2 witnesses. Plaintiff anticipates to call 1-2 witnesses.

c. Equifax requests a court trial.

    d. The Parties do not consent to having a magistrate judge preside for all purposes.

    e. Garrick Vanderfin, counsel for Equifax. Artis Ray Cash Jr., Plaintiff in Pro Se.

**10.    Special Requests/Other Issues**

    None.

Dated: April 9, 2024

By: */s/ Artis Ray Cash, Jr.*
      ARTIS RAY CASH, JR.

*Plaintiff, Pro Se*

Dated: April 9, 2024    POLSINELLI LLP

By: _____

GARRICK VANDERFIN

*Attorney for Defendant*
*Equifax Information Services, LLC*

## SIGNATURE ATTESTATION

Pursuant to Central District of California Local Civil Rule 5-4.3.(a)2(i), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated: April 9, 2024

Respectfully Submitted,

**POLSINELLI LLP**

By: _____
GARRICK VANDERFIN
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 9, 2024, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice of this document by electronic means.

Dated: April 9, 2024                           POLSINELLI, LLP

                                               By: /s/ *Yanika Childers*